We'll hear the first case on calendar, United States v. Del Valle. Good morning, Your Honors. May it please the Court, my name is Brendan White. I represent Appellant Joseph Del Valle in this case. As this Court has recently ruled in United States v. Jenkins, a sentence that is not substantively reasonable will be vacated. And I submit to you, Your Honors, that under the circumstances here, the sentence was not substantively reasonable, that it was greater than necessary to further the goals of sentencing pursuant to Section 3553. In this case, it's worth noting, first and foremost, that Mr. Del Valle is already in his 60s, and if he serves the entirety of the sentence, he will be nearly 70 when he is released. He's young. I hope it is. I sincerely hope it is. Although, frankly, Your Honor, he does suffer from a variety of health issues that will make those years even more difficult than they might otherwise be. His fraud went on over ten years. I mean it true. Ninety-eight months does seem like a very long time, but ten years is considerably longer than that. And the sentencing judge could consider it as $5 million. It's many years. Your main concern is that the judge did not give sufficient weight to the fact that he entered into a new business venture with one of his victims. That is correct. But he hasn't paid off. He hasn't really paid off the money, and that's a factor that a judge, I think, should consider. But how do we decide how much weight to give that? Well, Your Honor, I think it certainly is a factor that should be considered, and I submit to you— What's the evidence that gives us reason to believe the judge did not consider it? The judge's own words at sentencing, at which he stated— He considered it and didn't think that it was entitled to mitigation weight. Right. He did what I— It's not a failure of consideration. Your dispute is with the weight the district court gave it, unless I'm missing something. I'm not—I wouldn't say you're missing it, but I do disagree with you, Your Honor, because to the extent the consideration was given, it was only on the most superficial level. And it's clear, I believe, from the transcript, that the multiple efforts on the part of the putative victim himself, a respected attorney in this city, which itself is quite an unusual thing in a fraud prosecution for a putative victim to now want to work with the defendant because he has enough faith in that defendant to believe that, yes, I do believe that you can raise this money. You can make good on the debts. And as an aside, Your Honors, the government obviously disputes this, and the guilty plea said what it said, but ultimately there was a longstanding disagreement as to whether this was an overall fraud or whether it was a legitimate business venture that didn't turn out as planned. It was resolved by the conviction. Yes, and— Whatever dispute there was, we now have an answer to it. It was fraud. As a legal matter, of course. As a matter of whether it was an overall fraud, it involved, it contained fraud, even if everything about it was not fraudulent. That is certainly true, and my client pled guilty, of course. But as a business matter, it is important because it shows that the victim here did believe in my client's ability to have a legitimate venture in which he could raise the money. Now, the judge here, on multiple occasions, spoke very dismissively of efforts where the victim and the business venture partner was right there in court saying, yes, we are moving forward with this. We need a few more months. And the goal was to repay the victims of this crime. It's disturbing and troubling that the court here, where it's hard to imagine what harm would have resulted from several more months of my client being allowed to remain out and work to make good on this debt. In the end, this is a financial crime in which many people were out a lot of money. It's questionable the extent to which they will ever be able to regain it, but a lot of it could have been made good had my client been given an opportunity to do so. And what that speaks of, ultimately, is that the court did not give proper consideration to that factor. What are you concerned with, that the court didn't give him more time or that it didn't matter if the court gave him more time and no money was realized, because he made the effort, he should have received a lesser sentence? What's the complaint here? Both. The failure of the judge to give him more time is an indication of the judge's failure to give due consideration to that factor, which shows that the sentence did not satisfy all the 3553 factors. You've observed some rebuttal? Yes, I did. Thank you, Your Honor. We'll hear you then, Mr. White. Good morning. Good morning. May it please the Court. My name is Damian Williams, and I'm an assistant United States attorney in the Southern District of New York. I represent the government on appeal, and I also represented the government below in the proceedings before Judge Berman. The 98-month sentence given to Joseph DelVal was well within the range of reasonable decisions available to Judge Berman and was not shockingly high or otherwise so unsupportable that it would damage the administration of justice. The sentence here was reasonable, particularly in light of DelVal's decade-long criminal scheme, the substantial losses suffered by nearly 20 victims and the sophisticated means that he used to execute the scheme, including the fabrication of scores of e-mails and the theft of scores of identities. The sentence was also reasonable in light of the fact that Mr. DelVal is a recidivist. He was serving a sentence of probation at the time he was committing the fraud that he was charged with, and that underlying fraud was strangely similar to the exact criminal scheme that he executed here. In light of all those circumstances, Judge Berman was perfectly within his broad discretion to impose a sentence, which just so happened to be at the bottom of the guidelines range. And to the extent there's any question as to whether Judge Berman considered the existence of an ongoing business venture between the defendant and one of his former victims, that is clear in the record that Judge Berman did in fact consider it and assigned very little weight to it. That's at appendix page 137, Your Honors. And so to the extent there's any quarrel on appeal as to whether or not the sentence should be different because of this venture, it's answered in the record, and the fight is really one of weight, which, of course, there's plenty of law suggesting that as to the weight that is imposed to a particular factor that the broad discretion of the district court controls. And so for those reasons, we believe that the sentence was reasonable in this situation. Thank you. We'll hear Revelle. Thank you, Your Honor. I do want to just highlight one thing from the 28J letter that I filed with respect to the Jenkins case. It did, to be quite frank, Your Honor, a Law Journal article which related that case  made clear that you need to look at the case and you need to look at other cases of similarly situated defendants. And in this case, there are many, many defendants who... It's a high sentence, an eight-and-a-half-year sentence for an older gentleman. There are cases involving much, much greater amounts of loss. What I submit to have been much more calculated frauds in which the defendants received much lower sentences. I believe that's something that does need to be considered. Along with the aggravating factors that this is... that he was committing second fraud crime and committing it while on supervision, right? Yes. Obviously, that would go into his criminal history. Well, but it's a concern for a court that someone would commit the same kind of crime when he was supposedly being supervised for having done something similar before. Understandably, Your Honor. And doesn't that also play into the district court's concern about letting him go into another scheme? Even though his partner, the lawyer, was confident of him, the court didn't have to have the same confidence, did it? It would raise an eyebrow among many people. I concede that, Your Honor. But nevertheless, it's something that I think would speak more highly of him. And I think a judge, had he given him the amount of consideration he ought to have instead of simply dismissing it, as I submit the record shows, I think a judge would have given a lower sentence. Thank you. Thank you, Your Honors. Thank you both. We'll reserve decision.